**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH CHIDI ANORUO, | Case No. 2:16-cv-00441-GMN-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| ROBERT A. MCDONALD,<br>Secretary, Department of Veteran Affairs, et al., | (Docket Nos. 13, 18) |
| Defendant(s). | |

Pending before the Court is a motion to stay filed by Defendant Robert A. McDonald ("Defendant"). Docket No. 13. Plaintiff filed a response to Defendant's motion asking the Court to strike Defendant's motion to stay. Docket Nos. 16, 18. Defendant filed a reply and a response to Plaintiff's motion to strike. Docket Nos. 21, 23. For the reasons discussed, the Court **GRANTS** Defendant's motion to stay, Docket No. 13, and **DENIES** Plaintiff's motion to strike, Docket No. 18.

**I.     Motion to Stay Discovery**

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-3 (D. Nev. 2011).[1]

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id.* at 602. Thus, a pending motion to dismiss alone is not ordinarily a situation that warrants a stay of discovery. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). However, where a dispositive motion raises issues of

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

jurisdiction, venue, or immunity, Courts in the District of Nevada often determine that staying discovery is appropriate pending resolution of these threshold issues. *Id*. at 601. *See also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).

In this case, Defendant's pending motion to dismiss, alleges, *inter alia*, that there is no applicable waiver of sovereign immunity and, therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims. Docket No. 7 at 5-6. Further, Defendant submits that the Court lacks personal jurisdiction over Defendant because Plaintiff has failed to effectuate service of process. *Id.* at 7-8.

In taking a preliminary peek at the briefing of the motion to dismiss the Court is not convinced that Plaintiff has established either personal or subject matter jurisdiction. The Court notes, of course, that its view of "the jurisdictional picture may be very different than how the assigned district judge will see the jurisdictional picture." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). Therefore, the Court concludes that a stay of discovery while the motion to dismiss is pending will best accomplish the objectives of Rule 1, to secure the just, speedy, and inexpensive determination of this action.

## II. Motion to Strike

Plaintiff filed a response asking the Court to strike Defendant's motion to stay. Docket No. 18. Plaintiff submits that his filing of a motion for leave to amend moots Defendant's motion to stay. *Id.* at 1. Plaintiff contends, therefore, that Defendant's motion to stay should be stricken. *Id*. Plaintiff cites no authority to support his request and, instead, he submits that Defendant's motion "should be stricken for lack of focus[.]" *Id*. at 5. This failure to cite authority is, in itself, fatal. *See* LR 7-2(d). In any event, Plaintiff's argument fails to address the fact that his proposed Amended Complaint has no impact on Defendant's arguments regarding jurisdiction. *Id.* at 4 (arguing amendment cures issues of sovereign immunity and mootness). Accordingly, Plaintiff's motion to strike, Docket No. 18, is **DENIED**.

//

**III.     Conclusion**

For the reasons discussed above, the Court **GRANTS** Defendant's motion to stay. Docket No. 13. If Defendant's motion to dismiss is not granted in full, the parties shall file a proposed discovery plan within seven days of the issuance of the order resolving the motion to dismiss. Further, Plaintiff's motion to strike, Docket No. 18, is **DENIED**.

IT IS SO ORDERED.

DATED: July 21, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

3