# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CHIDI ANORUO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-441-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| ROBERT A. MCDONALD, Secretary, ) | |
| Department of Veterans Affairs; JOSEPH ) | |
| MOODY, AFGE Local President, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a Motion to Dismiss (ECF No. 7) filed by Defendant Robert A. McDonald, Secretary of the Department of Veterans Affairs ("McDonald"). Defendant Joseph Moody ("Moody"), Local President of the American Federation of Government Employees Local 1224 ("AFGE") also filed a Motion to Dismiss. (ECF No. 27). Pro se Plaintiff Joseph Chidi Anoruo ("Plaintiff")[1] filed a Response (ECF No. 30),[2] and Defendants McDonald and Moody (collectively, "Defendants") each filed a Reply (ECF Nos. 32, 33).

Also pending before the Court are several motions filed by Plaintiff including an Ex Parte Motion to Suspend/Extend Time for the Implementation of the Closure of Pharmacies (ECF No. 5), Motion for Hearing (ECF No. 6), Motion for Leave to File a First Amended

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff timely filed his Response as to Moody's Motion to Dismiss (ECF No. 27), but it appears that Plaintiff's Response also relates to McDonald's Motion to Dismiss (ECF No. 7). To the extent that Plaintiff is responding to McDonald's Motion to Dismiss, such a response would be untimely. However, due to an error in the Clerk's Office, no entry of the Minute Order in Chambers regarding the Requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) occurred upon the filing of McDonald's Motion to Dismiss, although it was entered upon the filing of Moody's Motion to Dismiss (*see* ECF No. 29). The Minute Order pursuant to *Klingele* and *Rand* provides pro se plaintiffs with notice that their failure to respond constitutes consent to the granting of the motion under Local Rule 7-2(d). Given this error, the Court will construe Plaintiff's Response (ECF No. 31) as timely for both Motions to Dismiss.

1  Complaint (ECF No. 11), Motion for Default Judgment (ECF No. 31), and Motion for Leave to
2  File Surreply (ECF No. 37), and Motion for Rule 12(c) Judgment on the Pleadings (ECF
3  No. 38).

4  **I.      BACKGROUND**

5        This action arises from a decision by the Department of Veterans Affairs ("VA") to
6  close VA neighborhood outpatient clinics in Las Vegas, NV, and consolidate these services at
7  the Las Vegas VA Medical Center. (Compl., ECF No. 4).  Plaintiff, a pharmacist employed by
8  the VA at one of these clinics, filed the instant lawsuit seeking to halt this March 4, 2016
9  consolidation of pharmacies. (*Id.* 11:26–28).  Plaintiff alleges both harms to local veterans and
10 to himself as an pharmacy employee.[3] (*Id.* 10:26–11:2, 15:22–26).  Plaintiff's main grievance is
11 the failure of the VA and his union, AFGE,[4] to negotiate properly and adequately address his
12 concerns regarding the pharmacy consolidations. (*Id.* 3:4–6, 13:19–14:21).  Based on this
13 failure, Plaintiff alleges a violation of the Federal Service Labor-Management Relations Statute
14 ("FSLMRS"), 5 U.S.C. §§ 7106(b)(2)–(3). (*Id.* 3:4–6, 13:19–27).  Plaintiff also asserts a
15 violation of the Federal Employees Flexible and Compressed Work Schedules Act, 5 U.S.C.
16 §§ 6120–6127, because he "requested compressed and flexible tour of duty . . . [which was]
17 ignored." (*Id.* 3:7–8, 14:15–20).  As such, Plaintiff demands that the Court "[a]ddress and
18 minimize the impact of consolidation to [him] . . . by offering him and including compressed
19 set schedule of 12 and 10 hour shifts," "[k]eep the Pharmacies located in the Clinics Open,"
20 and "[s]uspend or rescind the decision [to consolidate]." (*Id.* 14:22–28).

21       Both Defendants filed the instant Motions to Dismiss asserting, *inter alia*, lack of subject
22 matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF Nos. 7, 27).

---

[3] Plaintiff's current employment status is not clear to the Court.

[4] Plaintiff appears to also consider AFGE to be a defendant in this case. (*See* Pl.'s Resp. 11:16–12:20); (*see also* Pl.'s Mot. for Default ECF No. 31).  However, Plaintiff did not name AFGE as a defendant in his complaint or amended complaint. (*See* Compl. at 1); (Ex. 1 to Pl.'s Mot. to File a First Am. Compl. at 9, ECF No. 11) (both captions name only McDonald and Moody as defendants, with AFGE only referenced as part of Moody's title—"AFGE local President"—not as a separate defendant).  As such, AFGE is not currently a party to this action.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 (9th Cir. 2002).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.*  Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*

When, as here, a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

### III. DISCUSSION

The FSLMRS, also known as Title VII of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 *et seq.*, provides that a labor organization which holds the exclusive right of representing employees is responsible for representing the interests of all employees without discrimination. *See* 5 U.S.C. § 7114(a)(1). The CSRA also provides that failure to negotiate in good faith, by either the government agency or the labor union, is an "unfair labor practice." 5 U.S.C. §§ 7116(a)(5), 7116(b)(5). Further, a labor union's breach of the duty of fair representation constitutes an "unfair labor practice." *Karahalios v. Nat'l Fed'n of Fed. Emps., Local 1263*, 489 U.S. 527, 532 (1987) (citing 5 U.S.C. § 7116(b)(8)). Any charge against a labor organization of engaging in an "unfair labor practice" must be presented to, investigated, and adjudicated by the Federal Labor Relations Authority ("FLRA"). *See* 5 U.S.C. § 7118(a)(1).

The Congressional intent behind the CSRA is to "channel the grievances of federal employees to the [FLRA]." *Karahalios v. Def. Language Inst.*, 821 F.2d 1389, 1393 (9th Cir. 1987), *aff'd*, 489 U.S. 527 (1989). The *Karahalios* court held that the CSRA created both an express duty of fair representation and a remedy in the FLRA, thus precluding any parallel right to sue in federal courts. *See id.* at 1392. In affirming the Ninth Circuit, the U.S. Supreme Court confirmed that placing responsibility to the district courts to review such cases would "seriously undermine what we deem to be the congressional scheme [of the CSRA]." *Karahalios*, 489 U.S. at 536–37.

Defendants argue that this Court lacks subject matter jurisdiction in part because Plaintiff's allegations constitute "unfair labor practices" under 5 U.S.C. § 7116, which are preempted by the CSRA. (*See* Moody's Mot. to Dismiss at 6–10). In his Response, Plaintiff does not dispute that his claims constitute "unfair labor practices," but rather, he argues that the

"CSRA does not provide [an] exclusive remedy for all cases through [the] FLRA." (Pl.'s Resp. 17:18–19). The Court disagrees.

Even though Defendants are the moving party on the Motions to Dismiss, Plaintiff bears the burden of establishing that jurisdiction exists. *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). Plaintiff has failed to establish any basis for federal jurisdiction over the claims in his Complaint. According to Plaintiff, despite his best efforts to convince both the AFGE leadership and the VA that the decision to consolidate the pharmacies was wrong, both parties ignored him and failed to prevent this policy from going into effect, which harmed him personally. He specifically asserts that this harm occurred because Defendants failed to negotiate properly, and further, in doing so, the AFGE, under Moody's leadership, breached its duty of fair representation. (*See* Pl.'s Resp. 16:10–19:22).

The Court finds that all of Plaintiff's claims are premised on unfair labor practices under the CSRA.[5] *See Teitelbaum v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 326, 329 (D. Nev. 1996) ("Regardless of the characterization of the case . . . we look to the true nature of the action in determining the existence or not of jurisdiction."). The FLRA possesses exclusive jurisdiction over federal sector labor relations matters. *See Karahalios*, 489 U.S. at 533; *Columbia Power Trades Council v. United States Dep't of Energy,* 671 F.2d 325 (9th Cir. 1982); *see also Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2136, 2140 (2012) (holding that the CSRA also precludes the district court's jurisdiction to review covered employees' labor claims

---

[5] While Plaintiff references several other statutes and constitutional provisions in his Complaint, these assertions do not provide separate causes of action. To the extent that Plaintiff attempts to assert a cause of action for the VA's failure to provide him with a compressed work schedule under 5 U.S.C. § 6120, nothing in § 6120 *requires* the Government to give a federal employee a compressed work schedule or provides for a private cause of action, and Plaintiff has not provided any caselaw to the contrary. Similarly, Plaintiff cannot rely on 18 U.S.C. § 1001, a criminal statute, to provide this Court with jurisdiction over his civil claims. *See Nordbrock v. United States*, 96 F. Supp. 2d 944, 948 (D. Ariz. 2000) (finding "no basis for implying a civil cause of action from [18 U.S.C. § 1001]").

that are constitutional in nature).  Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claims, and the Court must dismiss Plaintiff's case.[6]

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Generally, if a court finds lack of subject matter jurisdiction, then it should dismiss without prejudice "so that a plaintiff may reassert his claims in a competent court." *Frigard*, 862 F.2d at 204.  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

Here, as explained above, the CSRA preempts the claims at issue, and as such, the Court lacks subject matter jurisdiction over them. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).  For this reason, dismissal with prejudice is appropriate.  The CSRA's administrative procedures are Plaintiff's exclusive remedy for the claims at issue.  Plaintiff does not allege that he brought a claim before the FLRA, which is the first step under the CSRA. (Pl.'s Resp. 17:18–18:6); 5 U.S.C. § 7118.  Regardless, though, even if Plaintiff had already received a final order from the FLRA, any appeal of such a decision would be properly before a federal court of appeals, not a federal district court. 5 U.S.C. § 7123(a).  Consequently, it would be impossible for Plaintiff to cure the deficiencies in his Complaint through amendment or refiling.  Dismissal with prejudice by this Court will not preclude Plaintiff from pursuing his claims under the CSRA. *See Smith v. United States*, Case No. 2:13-cv-1936-JCM-PAL, 2014 WL 4294966, at *2 (D. Nev. Aug. 29, 2014).

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant McDonald's Motion to Dismiss (ECF No. 7) and Defendant Moody's Motion to Dismiss (ECF No. 27) are **GRANTED**.  Plaintiff's claims are dismissed with prejudice.

---

[6] All other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions (ECF Nos. 5, 6, 11, 31, 37, 38) are **DENIED as moot**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this \_\_5\_\_ day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court