**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSEPH CHIDI ANORUO,

        Plaintiff,

vs.

ROBERT A. MCDONALD, Secretary, Department of Veterans Affairs; JOSEPH MOODY, AFGE Local President,

        Defendants.

Case No.: 2:16-cv-441-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Relief from Judgment, (ECF No. 46), filed by *pro se* Plaintiff Joseph Chidi Anoruo ("Plaintiff").[1]  Defendant Robert A. McDonald and Defendant Joseph Moody (collectively "Defendants") each filed a Response, (ECF Nos. 47, 48), and Plaintiff filed a Reply, (ECF No. 49).  For the reasons discussed herein, the Court DENIES Plaintiff's Motion.

**I.**     <u>**BACKGROUND**</u>

Plaintiff initiated this action following a decision by the Department of Veterans Affairs ("VA") to close VA neighborhood outpatient clinics in Las Vegas, NV, and consolidate these services at the Las Vegas VA Medical Center. (Compl., ECF No. 4).  Plaintiff's main grievance was the failure of the VA and his union, the American Federation of Government Employees Local 1224 ("AFGE"), to negotiate properly and adequately address his concerns regarding the pharmacy consolidations. (*Id.* 3:4–6, 13:19–14:21).  Based on this failure, *inter alia*, Plaintiff brought claims under the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

U.S.C. §§ 7106(b)(2)–(3), and Federal Employees Flexible and Compressed Work Schedules Act, 5 U.S.C. §§ 6120–6127. (*Id.* 13:19–14:21).

On December 5, 2016, the Court dismissed this action for lack of subject matter jurisdiction. (ECF No. 44). In the instant Motion, Plaintiff asks the Court to reconsider its prior Order pursuant to Federal Rule of Civil Procedure 60(b).

## II. <u>LEGAL STANDARD</u>

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). However, a motion for reconsideration is not a mechanism for re-arguing issues presented in the original filings, *Backlund*, 778 F.2d at 1388, or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). *See also Soto-Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012) ("[A] party cannot use a [motion for reconsideration] to rehash arguments previously rejected or to raise ones that could, and should, have been made before the judgment issued.") (internal quotations omitted). In other words, the purpose of Rules 59(e) and 60(b) is not "to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. DISCUSSION

In the instant Motion, Plaintiff argues that the Court "erroneously determined that all [of] plaintiff['s] claims were premised only on 'unfair labor practice' [] and barred by CSRA." (Mot. for Relief 6:5–8, ECF No. 46). Additionally, Plaintiff argues that the Court erroneously "excluded AFGE as a defendant." (*Id.*). Based on these alleged errors, Plaintiff asserts that the Court has subject matter jurisdiction over the Complaint.

In response, Defendants note that Plaintiff's mere disagreement with the Court's Order does not constitute valid reasons of a 'strongly convincing nature' to reverse the Court's decision. (McDonald Resp. 2:22–23, ECF No. 47; Moody Resp. at 3, ECF No. 48). Defendants are correct. A motion for reconsideration should not be "used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

As explained in the previous Order, a Court must look to the true nature of an action in determining whether jurisdiction exists. *See Teitelbaum v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 326, 329 (D. Nev. 1996). Based on this principle, the Court found that Plaintiff's claims were premised on unfair labor practices under the CSRA and therefore outside the Court's jurisdiction. Nevertheless, Plaintiff's Motion cites to various federal statutes and the United States Constitution in an attempt to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. (*See* Mot. for Relief 9:5–10). The Court has already rejected this argument. (Order 5:22–23, ECF No. 44) ("While Plaintiff references several other statutes and constitutional provisions in his Complaint, these assertions do not provide separate causes of action."). Furthermore, the Court has already rejected Plaintiff's argument concerning AFGE. (*Id.* 2:23–25) ("Plaintiff did not name AFGE as a defendant in his complaint or amended complaint . . . [a]s such, AFGE is not currently a party to this action."). Having reviewed the

record in this case, the Court can discern no reason to depart from its prior Order.[2] Plaintiff's Motion is therefore **DENIED**.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment, (ECF No. 46), is **DENIED**.

**DATED** this __19__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] The Court additionally rejects Plaintiff's contention that *Karahalios v. Nat'l Fed'n of Fed. Emps., Local 1263*, 489 U.S. 527, 532 (1987) is outdated and no longer good law.